# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
## WESTERN DIVISION

BEN GERMAN,                              Case No. 1:08-cv-044

       Petitioner,

                                                 Dlott, J.

vs                                            Black, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,           **REPORT AND**
                                                      **RECOMMENDATION**

       Respondent

       While incarcerated at the Warren Correctional Institution in Lebanon, Ohio, petitioner filed *pro se* the instant habeas corpus action pursuant to 28 U.S.C. § 2254. (Doc. 1).

       On February 28, 2008, the Court issued a Deficiency Order directing petitioner to submit a completed "Certificate" page (page 8 of the application and affidavit to proceed without prepayment of fees completed and signed by the institutional cashier) showing the balance of his prisoner account or pay the full filing fee of $5.00, and to sign his application and affidavit to proceed without prepayment of fees and return it to the Clerk of Court within thirty (30) days if he still wished to pursue this matter without prepayment of the filing fee. Petitioner was advised that his failure to comply with the Court's Order would result in the dismissal of his action for want of prosecution. (Doc. 4).

       To date, more than thirty (30) days later, petitioner has failed to submit a completed "Certificate" page signed by the institutional cashier showing the balance of his prisoner account or pay the full filing fee of $5.00.[1]

---

[1] Petitioner has submitted a signed application and affidavit to proceed without prepayment of fees form. (Doc. 6).

District courts have the inherent power to *sua sponte* dismiss civil actions for want of prosecution to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R.R.*, 370 U.S. 626, 630-631 (1962). Failure of a party to respond to an order of the court warrants invocation of the Court's inherent power in this federal habeas corpus proceeding. *See* Fed. R. Civ. P. 41(b); *see also* Rule 11, Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254.

**IT IS THEREFORE RECOMMENDED THAT:**

1. The instant case be dismissed without prejudice to petitioner's refiling a habeas corpus petition that complies with this opinion.

2. A certificate of appealability should not issue in this case, which this Court has concluded should be dismissed on a procedural ground, because "jurists of reason would not find it debatable as to whether this Court is correct in its procedural ruling" under the first prong of the applicable two-part standard enunciated in *Slack v. McDaniel,* 529 U.S. 473, 484-85 (2000).[2]

3. The Court should certify pursuant to 28 U.S.C. § 1915(a) that an appeal of any Order adopting this Report and Recommendation would not be taken in "good faith," and, therefore, DENY petitioner leave to appeal *in forma pauperis* upon a showing of financial necessity. *See* Fed. R. App. 24(a); *Kincade v. Sparkman,* 117 F.3d 949, 952 (6th Cir. 1997).

Date:   April 4, 2008                           s/Timothy S. Black
        Kl                                      Timothy S. Black
                                                United States Magistrate Judge

---

[2] Because the undersigned finds that the first prong of the *Slack* standard has not been met in this case, the Court need not address the second prong of *Slack* as to whether or not "jurists of reason" would find it debatable whether petitioner has stated viable constitutional claims for relief in his habeas petition. *See Slack,* 529 U.S. at 484.

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

BEN GERMAN,  Case No. 1:08-cv-044

    Petitioner,

                                                 Dlott, J.
vs                                              Black, M.J.

WARDEN, WARREN
CORRECTIONAL INSTITUTION,
    Respondent

## NOTICE

Attached hereto is a Report and Recommendation issued by the Honorable Timothy S. Black, United States Magistrate Judge, in the above-entitled habeas corpus action. Pursuant to Fed. R. Civ. P. 72(b), which may be applied in this action under Rules 1 and 11 of the Rules Governing Section 2254 Cases in the United States District Courts, 28 U.S.C. foll. § 2254, any party may object to the Magistrate Judge's Report and Recommendation within ten (10) days after being served with a copy thereof. Such party shall file with the Clerk of Court and serve on all other parties written objections to the Report and Recommendation, specifically identifying the portion(s) of the proposed findings, recommendations, or report objected to, together with a memorandum of law setting forth the basis for such objection(s). Any response by an opposing party to the written objections shall be filed within ten (10) days after the opposing party has been served with the objections. *See* Fed. R. Civ. P. 72(b). A party's failure to make objections in accordance with the procedure outlined above may result in a forfeiture of his rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).